**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JAMIE LYNN RUBOTTOM-LANGENECKERT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:25-cv-00681-SEP |
| ) | |
| BILL M. SEEK, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Jamie Lynn Rubottom-Langeneckert's Motion to Proceed *in Forma Pauperis*, which will be granted. For the reasons set forth below, this matter will be dismissed for failure to state a claim upon which relief may be granted.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered

within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff's Complaint is largely illegible and incomprehensible.  As far as the Court can tell, Plaintiff's "Statement of Claim" is as follows:

1. Federal Bill of Civil Rights
2. Peace Treaties
3. & Other Statutory Provisions of Law of the USC have [illegible] as have in this case – have violated Due Process & Equity & Equal Protection (14th & 5th Amendment Rights) Where Lead Case on Appeal (Status HSEHCo3542 MLA ED102031 et al Unresolved) Appealed under a constituting question of valid statute use & other constitutional laws as above noted

   Whereby the amount in controversy exceeds stakes extraordinarily more substantial then $75,000.00 by case diversity created thru adversary party conduct

   From Lead Case & originating contract breach

   Requesting MSPB & Oversight Committee Public Health & Welfare Title 42 USC Ch. 68 Disaster Relief

   Chapter Subpart I-V with Funeral Application of Provisions Powers 9 Duties Title 42 § 5121 A B (1-7) Use 42 § 5151 et seq Robert T. Stafford Disaster Relief & Emergency Act & Other Emergency Act & Other Appropriate Extraordinary Relief
   28 USC Code § 1367 Suplemental [sic] Jurisdiction over all other claims related for complex issue

   28 FCTA §§ 2671-2680 – sec (5F95 prop filed) Cause of Action personal injury Suffrage, pain & loss without just compensation
   American Relief Act
   H.R. 10545 Aricle CL 7 Sec.9

   28 USC § 228 Power to issue preliminary or inj. Relief

> With full legal & physical, solely custodial rights restored to natural mother [illegible]
> Only 9
> Relinquish all paternal parents rights immediately as he in testament in case evident, he immediately desired.
>
> As paternal parent has abandoned them to the Defendant who is soldering 9 grooming 3 minors, while attempting to alienate maternal parent from all just & appropriate contact with the children and by def is form or human trafficking by [illegible], DHS, DOD, DOJ
>
> Where the comprehensive ful [sic] case coverage talks argument due to highly probable case was made fact intrinsically & relief was justified

Doc. [1] at 1-4. Plaintiff includes handwritten annotations on every page of the Complaint, nearly covering the margins of the paper with illegible notes.

## DISCUSSION

Though the Court must construe Plaintiff's Complaint liberally on initial review, the Complaint does not contain any well-pleaded facts that demonstrate a plausible claim for relief against Defendants. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Plaintiff's Complaint is incomprehensible and lacks any such "arguable basis." The Court will therefore dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.[1]

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED as moot.**

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of June, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] If Plaintiff is attempting to relitigate Missouri state court judgments, such claims are barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).